IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Star Akins, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   1:23-cv-2030 |
| Collection Management Company, d/b/a Credit Management Company, a Pennsylvania company, | ) ) ) ) ) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Star Akins, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Star Akins ("Akins"), is a citizen of the State of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for medical services.

4. Defendant, Collection Management Company, d/b/a Credit Management Company ("CMC"), is a Pennsylvania corporation that acts as a debt collector, as

defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail, and/or credit reporting, and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. CMC operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana.

5. In fact, Defendant CMC was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant CMC is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached at Exhibit A. In fact, Defendant conducts business in Indiana.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Ms. Akins was unable to pay her debts, including a debt she allegedly owed for medical services. Sometime after that debt went into default, Defendant attempted to collect this debt from Ms. Akins via, among other means, a negative credit report.

8. Unsure about the debt, as well as the Defendant, Ms. Akins had her attorneys at Legal Advocates for Seniors and People with Disabilities write to Defendant, on July 20, 2023, to inform Defendant that Ms. Akins was represented by counsel, that she disputed the correctness of the debt that Defendant was trying to collect from her. A copy of this letter and fax confirmation are attached as Exhibit B.

9. Ms. Akins' attorney's letter was sent to, and received by, Defendant CMC at the fax number listed on its corporate website for contact, see, Exhibit C.

10. On November 8, 2023, Ms. Akins obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant had continued to report the debt, but had failed to note that the debt was disputed. The pertinent part of Ms. Akins's TransUnion credit report is attached as Exhibit D.

11. Accordingly, on November 9, 2023, Ms. Akins had to take additional time, effort, and expense to have another attorney write Defendant a letter to re-emphasize that she disputed the debt that Defendant was trying to collect from her. A copy of this letter is attached as Exhibit E.

12. Defendant's violation of the FDCPA was material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debt.

13. Furthermore, § 1692e(8) of the FDCPA's command that a debt collector must communicate that a disputed debt is disputed is rooted in the common law principles of defamation/fraud, namely that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information -- that the debt is disputed.

14. Defendant's collection actions negatively impacted Ms. Akins's credit score and cost her time, effort and expense to try and stop its improper actions, see, Mack v. Resurgent Capital Services, L.P., 70 F.4th 395, 406-407 (7th Cir. 2023); Walters v. Fast AC, LLC, 60 F.4th 642, 648 (11th Cir. 2023).

15. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

## COUNT I
### Violation Of § 1692e (8) Of The FDCPA –
### Failing To Report That A Disputed Debt Is Disputed

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

18. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by the consumer, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

19. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

23. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Star Akins, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Akins, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Star Akins, demands trial by jury.

                                                  Star Akins,

                                                  By: /s/ David J. Philipps_____
                                                  One of Plaintiff's Attorneys

Dated: November 9, 2023

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

6